[No. 3,572.]

## HIMMELMANN *v.* WOOLRICH ET AL.

COMPLAINT ON STREET ASSESSMENT IN SAN FRANCISCO.—An averment in a complaint in an action to recover upon a street assessment in San Francisco, that " the said Superintendent duly made an assessment to cover the sum due for the work performed and specified in said contract, including the expenses thereof," is a sufficient averment of the assessment.

IDEM.—It is not necessary to aver in such complaint that the Board of Supervisors ordered their Clerk to sign the resolution of intention to grade a street.

IDEM.—It is not necessary in such action to aver that notice of the intention of the Board was given in the resolution, nor to give the name of the official newspaper; and it is sufficient to aver that the contract " was in the form and contained the notices, matters, and conditions prescribed by law," and to aver that the work was completed within the time fixed by the Superintendent.

DEMAND AND RETURN.—An agent of an assignee of a street contractor is competent to make the demand of payment of the assessment, and to make return of such demand on the warrant.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

The plaintiff sued to recover money alleged to be due upon a contract for grading Eighteenth street from Noe street to Castro street. The complaint is in the usual form for such actions. As to the assessment it avers that "the Superintendent duly made an assessment to cover the sum due for the work performed, and specified in said contract, including the incidental expenses thereof." It avers that the contract "was in the form and contained the notices, matters, and conditions prescribed by law," and that the contractor completed the work within the time fixed by the Superintendent of Streets, and that the assessment was at the date thereof assigned to the plaintiff, and that the warrant of assessment was, after it had been recorded, delivered to F. Tobleman, the agent of the plaintiff, who demanded payment of the amount of assessment due on the warrant, and returned the warrants to the Superintendent, with the return indorsed thereon of the demand and non-payment.

The defendant demurred to the complaint; the demurrer was sustained; the plaintiff declined to amend the complaint, and appealed from the judgment rendered against him upon the demurrer.

*James B. Townsend*, for Respondent, argued that the complaint was uncertain and deficient in facts necessary to sustain the action, because: 1. It does not show that the street assessment sued on contained the requisites of the street law (Sec. 9) as to rate of assessment, amount of each assessment, name of owner, etc. 2. It does not show that the Board ordered the Clerk to sign the resolution of intention. 3. It does not show that any notice of intention was given in the resolution. 4. It does not state the name of the newspaper claimed to be official. 5. The form and terms of the contract are not shown. 6. The period of time within which the work was done is not averred. 7. The demand for the assessment does not appear to have been made by the contractor or his agent. 8. A similar objection as to the return.

*M. A. Edmonds*, for Appellant, argued that it was as unnecessary to aver the statutory requisites of an assessment as it would be to add to the averment of a deed an averment that the deed has a seal. When a thing has a technical name by which it is known in the law, it is good pleading to aver it by that name; and it is always safer to do so. In reply to the second point he cited *Dyer* v. *North,* 44 Cal. 157. As to the other points he contended that the averments were a full compliance with the statute.

By the COURT:

Judgment passed for the defendants below upon demurrer to the complaint.

1. The first ground of demurrer argued in the respondent's brief is that the complaint does not show that the assessment sued on contained the several requisites set forth in sections eight and nine of the San Francisco Street Law.

Upon looking into the complaint, however, we see that it is drawn in conformity with the requirements of the Act of 1869–70 (page 899, Sec. 9), prescribing what it shall be necessary for a complaint to aver in an action of this character.

2. The second ground relied upon is that it is not averred "that the Board *ordered* or directed their Clerk to *sign* the resolution of intention."

This objection is not tenable in view of the provisions of the statute already referred to.

3. The third, fourth, fifth, and sixth grounds of demurrer argued here are not well taken; they are all answered by reference to the provisions of the statute already referred to, by which it will be seen that the supposed omissions and insufficiencies in pleading pointed out in these several grounds of demurrer are cured.

4. The seventh and eighth grounds of demurrer insisted

upon are that the demand and return do not appear to have been made by the contractor, or *his* agent or assignee, but only by the *agent* of *such assignee*.

We think, however, that the agent of the assignee is competent for both purposes.

Judgment reversed, and cause remanded, with directions to overrule the demurrer.